UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EFRAIN RODRIGUEZ-CANDELARIA,

    Petitioner,

                           Case No. 8:08-CV-1875-T-24MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

ORDER

    This cause comes on for consideration of Petitioner's motion styled "Motion for Reconsideration" (D-20), the Government's response (D-23), Petitioner's reply (D-24), and Petitioner's Motion to Consider Defendant's Post Conviction Rehabilitation (D-25).

    On April 17, 2015, Petitioner filed a motion alleging that there was defect in the integrity of his § 2255 proceedings and asked the Court to reopen his § 2255 motion as it relates to his claim that his appellate counsel was ineffective in failing to raise entrapment or government misconduct on appeal. By order dated May 4, 2015, the Court found that Petitioner's motion constituted a successive § 2255 motion that was required to be dismissed for lack of jurisdiction. The Court alternatively found that Petitioner would not be entitled to relief in any event.

    Petitioner returns seeking reconsideration of the May 4, 2015

order. He requests that the Court recommend that the United States Attorney review his record and consider exercising his discretion to agree to an order vacating his convictions. Petitioner also requests the Court consider his post-conviction rehabilitation.

The Government responds that it agrees with the Court's analysis in the May 4, 2015 order dismissing Petitioner's motion as successive. It argues that the authority on which Petitioner relies is not applicable and that, further, Petitioner cannot rely on the exercise of prosecutorial discretion in other districts. It continues that the U.S. Attorney's Office for the Middle District of Florida does not believe his convictions or sentences were unjust and do not support his request to reopen his case.

The Court has reconsidered its order of May 4, 2015 and finds no basis to amend it. Petitioner's reliance upon Fed.R.Civ.P. 60(d)(1) to reopen his case as an "independent action in equity," is misplaced. He has not filed an independent action, but rather he filed a motion in his closed § 2255 matter. Furthermore, Rule 60(d)(1) relief is only available if relief is required to "prevent a grave miscarriage of justice." Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1359 (11th Cir. 2014) (citation omitted). Petitioner has not demonstrated that relief is required in order to prevent "a grave miscarriage of justice." Regardless of the name Petitioner gave his motion or the rules he cited, for the reasons stated in this Court's May 4, 2015 order, his April 17,

2

2015 motion constitutes an unauthorized successive attack on his conviction.

Additionally, Petitioner's reliance on United States v. Holloway, No. 01-CV-1017, --- F.Supp.3d ----, 2014 WL 1942923 (E.D.N.Y. May 14, 2014), is misplaced. Holloway rejected a plea offer that would have resulted in an 11-year sentence. At trial, he was convicted of three carjacking offenses and three accompanying firearm offenses. As a result of the stacking provisions in 18 U.S.C. § 924(c), Holloway was sentenced to a total term of imprisonment of 57 years and seven months. After Holloway had served nearly twenty years of his sentence, the district judge requested the United States Attorney for the Eastern District of New York consider exercising her discretion to agree to an order vacating two or more of Holloway's § 924(c) convictions. The government ultimately agreed to an order vacating two counts, and Holloway was resentenced to time served. United States v. Holloway, 68 F.Supp.3d 310 (E.D.N.Y. 2014).

Unlike Holloway, Petitioner's 420 month total term of imprisonment is not the result of multiple firearm convictions. His 360 month term of imprisonment as to the conspiracy count was a result of the career offender enhancement. His consecutive 60 month sentence as to Count Two is a result of his possession of a firearm during and in relation to a drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1)(A).

Finally, the Court has considered the exhibits Petitioner filed relating to his post-conviction rehabilitation. While Petitioner's post-conviction rehabilitation is commendable, it does not provide the Court with jurisdiction to reduce his sentence.

It is therefore ORDERED that:

1) Petitioner's motion styled "Motion for Reconsideration" (D-20) is GRANTED to the extent that the Court has reconsidered its May 4, 2015 and declines to amend it in any respect. The Court's previous ruling of May 4, 2015 is CONFIRMED.

2) Petitioner's Motion to Consider Defendant's Post Conviction Rehabilitation (D-25) is GRANTED to the extent that the Court has reviewed the exhibits submitted by Petitioner but finds that they do not provide the Court with jurisdiction to reduce Petitioner's sentence.

DONE AND ORDERED at Tampa, Florida this 5th day of October, 2015.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT

4